IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICH WHITNEY, LE ALAN JONES, and
ILLINOIS GREEN PARTY,

       Plaintiffs,

v.

WINDOW TO THE WORLD
COMMUNICATIONS, INC. a/k/a WTTW-11
CHICAGO, CORPORATION FOR PUBLIC
BROADCASTING, PUBLIC
BROADCASTING SERVICE, and DANIEL
J. SCHMIDT (Indiv. & Professional
Capacities),

       Defendants.

No. 10 C 7003

Judge      Robert W. Gettleman
Magistrate  Judge Sidney Schenkier

## CORPORATION FOR PUBLIC BROADCASTING'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND FOR RULE 11 SANCTIONS

      Defendant, Corporation for Public Broadcasting ("CPB"), by and through its attorneys, Vedder Price P.C., and for its Memorandum of Law in Support of its Motion to Dismiss and for Rule 11 Sanctions, states as follows:

I.     **INTRODUCTION/BACKGROUND**

     1.     Plaintiffs Rich Whitney, LeAlan Jones and Illinois Green Party (collectively, "Plaintiffs") filed their Complaint in this action on October 20, 2010, alleging that they were injured because the individual Plaintiffs were not invited to participate in October 2010 candidate forums produced and broadcast by WTTW-11 Chicago that included the mainstream party candidates for Illinois Governor and United States Senator.

2.      Plaintiffs assert the following three causes of action against CPB:  (1) violation of Section 501(c)(3) of the Internal Revenue Code (Count I); (2) violation of Section 315 of the Communications Act of 1934 (Count II); and (3) violation of Section 396 of the Corporation for Public Broadcasting Act (Count III).[1]

3.      However, none of the statutes under which Plaintiffs bring this action provide for a private right of action.  In addition, the Corporation for Public Broadcasting Act expressly prohibits CPB from engaging in certain of the actions alleged in Plaintiffs' Complaint. Accordingly, and as demonstrated more fully below, Plaintiffs' Complaint is patently defective and should be dismissed with prejudice.

II.     **ARGUMENT**

A.      **Standard on Motion to Dismiss**

4.      With the Supreme Court's issuance of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and more recently *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a Plaintiff may only avoid Rule 12 dismissal by setting forth a claim that is actually "plausible" and not merely "conceivable."  Plaintiffs' claims here are neither plausible nor conceivable based upon the applicable statutes.  Furthermore, the enhanced pleading standard established by *Twombly* and *Iqbal* affirmatively require a reviewing court to quickly and finally dismiss clearly unmeritorious claims in order to protect defendants from unnecessary burden and expense.

B.      **Counts I through III of Plaintiffs' Complaint Should be Dismissed Because None of the Statutes Provide for a Private Right of Action**

5.      It is well-settled that there is no private right of action under Section 501(c)(3) of the Internal Revenue Code.  *See Museum of Fine Arts, Boston v. Seger-Thomschitz*, 2009 WL

---

[1] Count IV of the Complaint attempts to state a cause of action under the First and Fifth Amendments to the U.S. Constitution, but that claim is not made against CPB.

CHICAGO/#2165935.1

6506658, at *6 n.10 (D. Mass. June 12, 2009) ("the federal courts have consistently held that tax-exempt status does not confer private rights of action on American citizens"); *Harrison v. Christus St. Patrick Hosp.*, 430 F. Supp. 2d 591, 595 (W.D. La. 2006) ("The tax exempt status of hospitals does not confer rights of action on citizens."); *Sabeta v. Baptist Hosp. of Miami, Inc.*, 410 F. Supp. 2d 1224, 1233, 1234 (S.D. Fla. 2005) ("the tax code clearly limits the parties in any 501(c)(3) controversy to the IRS and the entity whose status is in issue . . . Moreover, the absence of a private right of action under section 501(c)(3) is noteworthy because Congress has established private rights of actions in the Internal Revenue Code for other tax-related matters."). *See also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress."). Accordingly, Count I is frivolous as a matter of law, provides no basis for any claim against CPB, and should be dismissed with prejudice.

6.    Similarly, courts have routinely held that there is no private right of action under Section 315 of the Communications Act of 1934. See *Daly v. Columbia Broadcasting System, Inc.*, 309 F.2d 83, 86 (7th Cir. 1962) ("We hold that neither section 315(a) of the Act in particular, nor the entire Act in general, created or authorized the bringing of a private cause of action to recover damages."); *see also Lechtner v. Brownyard*, 679 F.2d 322 (3d Cir. 1982); (collecting cases); *McCarthy v. NBC, Inc.*, 162 F.3d 1148, 1988 WL 634555 (2d Cir. Feb. 24, 1998) (finding "no authority which provides for a private right of action under § 315(a) of the Communications Act"); *Belluso v. Turner Comm. Corp.*, 633 F.2d 393, 397 (5th Cir. 1980); *Amsterdam v. KITV 4 Television Station*, 2010 WL 3489358 (D. Hawaii Aug. 31, 2010). Accordingly, Count II is frivolous as a matter of law, provides no basis for any claim against CPB, and should be dismissed with prejudice.

7.     Finally, there is no private right of action under Section 396 of the Corporation for Public Broadcasting Act. *See Schnapper v. Foley*, 667 F.2d 102, 116 (D.C. Cir. 1981) ("Appellants' request for relief under the [Corporation for] Public Broadcasting Act fails because that statute provides no private right of action that is available to the appellants."); *see also Community-Service Broadcasting of Mid-America, Inc. v. FCC*, 593 F.3d 1102, 1109-10 (D.C. Cir. 1978); *Network Project v. Corp. for Public Broadcasting*, 561 F.2d 96, 972-74 (D.C. Cir. 1977).   Accordingly, Count III is frivolous as a matter of law, provides no basis for any claim against CPB and should be dismissed with prejudice.

C.     **Count III Should be Dismissed Because the Corporation for Public Broadcasting Act Expressly Prohibits CPB From Engaging in the Conduct Alleged in the Complaint**

8.     In addition, the Corporation for Public Broadcasting Act, which created CPB, expressly prohibits CPB from "producing programs, scheduling programs for dissemination, or disseminating programs to the public." 47 U.S.C. § 396(g)(3)(B).

9.     Thus, even if a private right of action did exist, CPB had no authority or ability to direct the management of WTTW or any other station with regard to the promotion, production or public dissemination of any programming, including candidate forums, as alleged in the Complaint.   As a result, CPB is an improper party to this suit and Count III should be dismissed with prejudice.

D.     **Plaintiffs Should Be Sanctioned Pursuant to Rule 11**

10.     Rule 11 is violated when a complaint contains claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P 11(b)(2).

11.     As discussed above, each of Plaintiffs' three claims against CPB fail to state a claim and are frivolous as a matter of law.   Thus, the Complaint violates Rule 11.

CHICAGO/#2165935.1

12.     In response to Plaintiffs' clear Rule 11 violation, on or about January 14, 2011, Defendants Window to the World Communications, Inc. f/k/a WTTW-11 Chicago ("WTTW"), Public Broadcasting Service ("PBS") and Daniel Schmidt ("Schmidt") (collectively, "Defendants") each sent Rule 11 letters, attaching draft motions for Rule 11 sanctions, informing Plaintiffs of the frivolous nature of their Complaint, and giving Plaintiffs 21 days in which to withdraw the Complaint pursuant to the safe harbor provisions contained in Rule 11.

13.     On that same day, counsel for CPB also separately sent a Rule 11 letter to Plaintiffs attaching a draft Joinder to Defendants' Motion for Rule 11 Sanctions and demanding that Plaintiffs dismiss their Complaint against CPB within 21 days pursuant to the safe harbor provisions of Rule 11. A copy of CPB's letter and draft Joinder are attached hereto as Exhibit A.

14.     On February 4, 2011, Plaintiffs dismissed the Complaint as to Defendant PBS, but failed to do the same with regard to any other Defendant, including CPB. In fact, to date, CPB has received no response to its Rule 11 letter, despite the fact that more than 21 days have passed since CPB delivered it to Plaintiffs.

15.     As a result of Plaintiffs' failure to voluntarily dismiss their Complaint, CPB and this Court have been forced to spend additional time and money to have it formally disposed of. Accordingly, the Court should sanction Plaintiffs and award CPB its fees and costs.

WHEREFORE, CPB requests that the Court enter an order: (i) dismissing Plaintiffs' Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6); (ii) granting sanctions against Plaintiffs Rich Whitney, LeAlan Jones and the Illinois Green Party and their counsel for all attorneys' fees and costs incurred by Defendants due to this litigation; (iii) affording Defendants ten days in which to submit an accounting of such fees and costs; and (iv) granting such other relief as the Court deems just and proper.

CHICAGO/#2165935.1

Respectfully submitted,

CORPORATION FOR PUBLIC
BROADCASTING

By:   s/ David L. Doyle
          One of Their Attorneys

David L. Doyle, Bar No. 00671827
Joshua A. Dunn
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois  60601-1003
(312) 609-7500

Dated:  February 7, 2011