# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICH WHITNEY, LE ALAN JONES, and ILLINOIS GREEN PARTY, ) ) ) Plaintiffs, ) ) v. ) ) WINDOW TO THE WORLD COMMUNICATIONS, ) INC. a/k/a WTTW-11 Chicago, CORPORATION FOR ) PUBLIC BROADCASTING, PUBLIC ) BROADCASTING SERVICE, and DANIEL J. ) SCHMIDT (Indiv. & Professional Capacities), ) ) Defendants. ) | No. 10 C 7003 Judge Robert W. Gettleman Magistrate Judge Sidney Schenkier |

## DEFENDANTS WINDOW TO THE WORLD COMMUNICATIONS, INC.'S AND DANIEL J. SCHMIDT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendants Windows to the World Communications, Inc. and Daniel J. Schmidt (Window To The World Communications, Inc. and Daniel J. Schmidt are collectively referred to as "WTTW") hereby move for leave to not respond to the original complaint or any forthcoming amended complaint of Rich Whitney, Le Alan Jones, and Illinois Green Party (collectively "plaintiffs") until April 22, 2011. In support of this motion, WTTW states as follows:

1. On October 29, 2010, plaintiffs filed a complaint against Window To The World Communications, Inc., Daniel J. Schmidt, Corporation For Public Broadcasting ("CPB"), and Public Broadcasting Service ("PBS"). (Dkt. No. 1.) The gravamen of plaintiffs' complaint is that they were injured because the individual plaintiffs were not invited to participate in October 2010 candidate forums produced and broadcast by WTTW-11 Chicago that included the mainstream party candidates for Illinois Governor and United States Senator. Plaintiffs assert the following four causes of action: (1) violation of Section 501(c)(3) of the Internal Revenue

CH1 5738913

Code (Count I); (2) violation of Section 315 of the Communications Act of 1934 (Count II); (3) violation of Section 396 of the Corporation for Public Broadcasting Act (Count III); and (4) violations of the First and Fifth Amendments to the U.S. Constitution (Count IV).

2. WTTW was not served with the original complaint until February 16, 2011, but it obtained a copy of the original complaint beforehand and determined that it violated Rule 11. Accordingly, in an effort to bring this frivolous litigation to as swift a conclusion as possible, WTTW served the attached Rule 11 motion (attached as Exhibit 1) on plaintiffs on January 14, 2011 even in advance of WTTW being served.

3. The other defendants joined in the service of WTTW's Rule 11 motion. After receipt of service of the proposed Rule 11 motions of all defendants, on February 4, 2011, plaintiffs voluntarily dismissed all claims against PBS with prejudice but did not so as to WTTW and CPB. (Dkt. No. 9.)

4. On February 7, 2011, CPB, who—unlike WTTW—had been served by that time, filed a motion to dismiss and for Rule 11 sanctions against plaintiffs. (Dkt. No. 14.) At the February 15 hearing on CPB's motion, plaintiffs requested leave to file an amended complaint and the Court granted plaintiffs until April 5, 2011 to do so. (Dkt. No. 18.) The Court also set a status hearing for April 26, 2011.

5. Since WTTW was served on February 16, 2011 WTTW must answer or otherwise plead to plaintiffs' original complaint by March 9, 2011. Fed.R.Civ.P. 12. Given plaintiffs' stated intention to file an amended complaint, WTTW requests that the Court order that WTTW need not respond to whatever complaint plaintiffs elect to proceed with on April 5 until April 22.

**6.** Counsel for WTTW has conferred with counsel for Plaintiffs and Plaintiffs have indicated that they do not object to the relief sought in this motion.

CH1 5738913

WHEREFORE, WTTW respectfully requests leave not to answer or otherwise plead to plaintiffs' complaint until April 22, 2011.

Date: February 28, 2011

Respectfully submitted,

WINDOW TO THE WORLD COMMUNICATIONS, INC. a/k/a WTTW-11 Chicago, and DANIEL J. SCHMIDT

By: /s/ Robert D. Leighton
    One of Their Attorneys

Richard J. O'Brien
Linda R. Friedlieb
Robert D. Leighton
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7283

## CERTIFICATE OF SERVICE

      I hereby certify that on February 28, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Christopher Davis Kruger**
The Law Offices of Christopher Kruger
2022 Dodge Avenue
Evanston, IL 60201
(847) 420-1763
Email: ckruger@ameritech.net

**Andrew Finko**
Andrew Finko Attorney
P.O Box 2249
Chicago, IL 60690-2249
(773) 480 0616
Email: green.attorney@yahoo.com

**Christopher C. Cooper**
Law Office of Christopher Cooper
3620 West 80th Lane
Merrillville, IN 46410
(312) 371-6752
Fax: 866 334 7458
Email: cooperlaw3234@gmail.com

*Attorneys for Plaintiffs Rich Whitney, LeAlan Jones, and Illinois Green Party*

**David L. Doyle**
**Joshua A. Dunn**
VEDDER PRICE P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601
(312) 609-7500
Email: ddoyle@vedderprice.com
Email: jdunn@vedderprice.com

*Attorneys for Defendant Corporation for Public Broadcasting*

                                                           /s/   Robert D. Leighton

CH1 5738913

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICH WHITNEY, LE ALAN JONES, and ILLINOIS GREEN PARTY, ) ) ) Plaintiffs, ) ) v. ) ) WINDOW TO THE WORLD COMMUNICATIONS, ) INC. a/k/a WTTW-11 Chicago, CORPORATION FOR ) PUBLIC BROADCASTING, PUBLIC ) BROADCASTING SERVICE, and DANIEL J. ) SCHMIDT (Indiv. & Professional Capacities), ) ) Defendants. ) | No. 10 C 7003<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Sidney Schenkier |

**<u>DEFENDANTS' MOTION FOR RULE 11 SANCTIONS</u>**

Defendants Window To The World Communications, Inc. a/k/a WTTW-11 Chicago and Daniel J. Schmidt (collectively "defendants") hereby move for sanctions against plaintiffs Rich Whitney, LeAlan Jones, and Illinois Green Party (collectively "plaintiffs") and their counsel for all attorneys' fees and costs incurred by defendants due to this litigation. In support of this motion, defendants state as follows:

1.      Plaintiffs filed this action on October 20, 2010. Defendants have agreed to accept service but have not yet been served.

2.      The gravamen of plaintiffs' complaint is that they were injured because the individual plaintiffs were not invited to participate in October 2010 candidate forums produced and broadcast by WTTW-11 Chicago that included the mainstream party candidates for Illinois Governor and United States Senator. Plaintiffs assert the following four causes of action:

(1) violation of Section 501(c)(3) of the Internal Revenue Code (Count I); (2) violation of Section 315 of the Communications Act of 1934 (Count II); (3) violation of Section 396 of the Corporation for Public Broadcasting Act (Count III); and (4) violations of the First and Fifth Amendments to the U.S. Constitution (Count IV).

3. Rule 11 is violated when a complaint contains claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P 11(b)(2). Because each of plaintiffs' four claims is frivolous as a matter of law, the complaint violates Rule 11.

4. It is well-settled that there is no private right of action under Section 501(c)(3) of the Internal Revenue Code. *See Museum of Fine Arts, Boston v. Seger-Thomschitz*, 2009 WL 6506658, at *6 n.10 (D. Mass. June 12, 2009) ("the federal courts have consistently held that tax-exempt status does not confer private rights of action on American citizens"); *Harrison v. Christus St. Patrick Hosp.*, 430 F. Supp. 2d 591, 595 (W.D. La. 2006) ("The tax exempt status of hospitals does not confer rights of action on citizens."); *Sabeta v. Baptist Hosp. of Miami, Inc.*, 410 F. Supp. 2d 1224, 1233, 1234 (S.D. Fla. 2005) ("the tax code clearly limits the parties in any 501(c)(3) controversy to the IRS and the entity whose status is in issue . . . Moreover, the absence of a private right of action under section 501(c)(3) is noteworthy because Congress has established private rights of actions in the Internal Revenue Code for other tax-related matters."). *See also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress."). Accordingly, Count I is frivolous as a matter of law.

5. It is also well-settled that there is no private right of action under Section 315 of the Communications Act of 1934. *See Daly v. Columbia Broadcasting System, Inc.*, 309 F.2d

83, 86 (7th Cir. 1962) ("We hold that neither section 315(a) of the Act in particular, nor the entire Act in general, created or authorized the bringing of a private cause of action to recover damages."); *see also Lechtner v. Brownyard*, 679 F.2d 322 (3d Cir. 1982); (collecting cases); *McCarthy v. NBC, Inc.*, 162 F.3d 1148, 1988 WL 634555 (2d Cir. Feb. 24, 1998) (finding "no authority which provides for a private right of action under § 315(a) of the Communications Act"); *Belluso v. Turner Comm. Corp.*, 633 F.2d 393, 397 (5th Cir. 1980); *Amsterdam v. KITV 4 Television Station*, 2010 WL 3489358 (D. Hawaii Aug. 31, 2010). Accordingly, Count II is frivolous as a matter of law.

6. It is well-settled that there is no private right of action under Section 396 of the Corporation for Public Broadcasting Act. *See Schnapper v. Foley*, 667 F.2d 102, 116 (D.C. Cir. 1981) ("Appellants' request for relief under the [Corporation for] Public Broadcasting Act fails because that statute provides no private right of action that is available to the appellants."); *see also Community-Service Broadcasting of Mid-America, Inc. v. FCC*, 593 F.3d 1102, 1109-10 (D.C. Cir. 1978); *Network Project v. Corp. for Public Broadcasting*, 561 F.2d 96, 972-74 (D.C. Cir. 1977). Accordingly, Count III is frivolous as a matter of law.

7. Lastly, plaintiffs' claim of violation of their First and Fifth Amendment rights is frivolous because neither Window to the World Communications, Inc. a/k/a WTTW-11 Chicago nor Daniel J. Schmidt is a state actor and plaintiffs have not — and cannot — allege otherwise. *Musso v. Suriano*, 586 F.2d 59, 62 (7th Cir. 1978) ("[A]llegations of governmental funding and general regulation, standing alone, however, cannot support a finding of state action."); *Shell v. Foulkes*, 362 Fed. Appx. 23, 27 (11th Cir. 2010) ("State action is not established merely because a private entity receives government funding . . . ."); *Lansing v. City of Memphis*, 202 F.3d 821,

832 (6th Cir. 2000) (holding that non-profit corporation which qualified for tax exempt status was not a state actor despite having received public funds: "the fact that [non-profit] received a small part of its funding from government sources is not enough to convert its decisions to state action. As noted, the Supreme Court and this circuit have held that even in cases where private entities received virtually all of their funding from the state, that fact alone was insufficient to establish a close nexus between the state and the activity of the private entity."); *Schneller ex rel. Schneller v. Crozer Chester Med. Center*, 387 Fed. Appx. 289, 293 (3d Cir. 2010) ("In his brief on appeal, Schneller . . . continues to press his argument that the private hospital appellees are state actors because they receive public monies and tax benefits, they are subject to state and federal regulation, and their actions are so entwined with governmental policies as to become state action within the Civil Rights Act. This argument has been considered and repeatedly rejected by the Supreme Court in similar cases.") (internal quotations and citations omitted). Accordingly, Count IV is frivolous as a matter of law.

8.  In addition to the foregoing legal defenses, defendants have other legal and factual defenses to plaintiffs' complaint and all such defenses are, of course, fully preserved. *See, e.g., Arkansas Educational Television Commission v. Forbes*, 523 U.S. 666, 673 (1998). The foregoing legal defenses, however, establish that plaintiffs' complaint violates Rule 11.

WHEREFORE, defendants request that the Court enter an order:

(A)  Granting sanctions against plaintiffs Rich Whitney, LeAlan Jones, and Illinois Green Party (collectively "plaintiffs") and their counsel for all attorneys' fees and costs incurred by defendants due to this litigation;

(B)  Afford defendants ten days in which to submit an accounting of such fees and costs; and

(C)  Any other appropriate relief as the Court deems necessary

Respectfully submitted,

WINDOW TO THE WORLD
COMMUNICATIONS, INC. a/k/a WTTW-11
Chicago and DANIEL J. SCHMIDT

By: _____
One of Their Attorneys

Richard J. O'Brien
Linda R. Friedlieb
Robert Leighton
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7283

Dated: January 14, 2011

## CERTIFICATE OF SERVICE

Richard J. O'Brien, an attorney, hereby certifies that he caused copies of the foregoing Motion to be served upon counsel of record as follows:

**Via Federal Express**
**Saturday Delivery**
Mr. Christopher D. Kruger
Law Offices of Christopher Kruger
2022 Dodge Avenue
Evanston, Illinois 60201

**Via Federal Express**
**Saturday Delivery**
Mr. Christopher C. Cooper
The Law Offices of Christopher C. Cooper
3620 West 80TH Lane
Merrillville, Indiana 46410

**Via Express Mail**
**Delivery Saturday**
Mr. Andrew Finko
Attorney At Law
P.O. Box 2249
Chicago, Illinois 60690

on January 14, 2011.

_____
Richard J. O'Brien

CH1 5609605v.1