IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICH WHITNEY, Green Party candidate for Illinois Governor, LEALAN JONES, Green Party candidate for the U.S. Senator from Illinois, and ILLINOIS GREEN PARTY, an established political party in Illinois, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | No. 10 C 7003 |
| v. | ) ) | Judge Robert W. Gettleman |
| WINDOW TO THE WORLD COMMUNICATIONS, INC., a/k/a WTTW-11 Chicago, DANIEL J. SCHMIDT, individually and in his professional capacities, and MARY FIELD, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Rich Whitney, LeAlan Jones and the Illinois Green Party has sued defendants Window to the World Communications, Inc., a/k/a WTTW-11 Chicago ("WTTW"), Daniel J. Schmidt, its President and CEO, and Mary Field, Executive Producer of Chicago Tonight, a program produced by and broadcast on WTTW. The complaint alleges that defendants violated plaintiffs' rights under the First, Fourteenth and Fifth Amendments to the United States Constitution by excluding Whitney and Jones from participating in October 2010 candidate forums ("debates") produced and broadcast by WTTW that included the mainstream party candidates for Illinois Governor and United States Senator. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that plaintiffs have not and cannot allege any state action. For the reasons explained below, the motion is granted.

**BACKGROUND**

According to the First Amended Complaint, the Illinois Green Party is a political organization comprised of Illinois citizens who nominate and support candidates for elected office. Whitney was the Green Party candidate for Governor of Illinois and Jones was the Green Party candidate for the United States Senator in the November 2, 2010, election. Both were on the ballot throughout the State of Illinois pursuant to the provisions of the Illinois Election Code.

WTTW is a non-profit corporation that operates a public broadcasting television station in Chicago. It is a tax-exempt organization under § 501(c)(3) of the Internal Revenue Code, holds a non-commercial educational license issued by the Federal Communication Commission and is subject to the regulations of the Federal Communication Act. It is located on property owned by the State of Illinois and receives funding from the Corporation for Public Broadcasting ("CPB"), the United States Department of Education, the State of Illinois and private citizens and entities.

Recently, WTTW has broadcast debates between candidates for political office within its broadcast area, including debates between candidates for Illinois Governor and United States Senator. In October 2010 it promoted, broadcast and otherwise disseminated debates between the gubernatorial and senatorial candidates. Elections in Illinois are governed by the Illinois Election Code, 10 ILCS 5/1-1 et seq. Under § 5/10-2 of that Code a political party which, at the last general election for State and County offices, polled for its candidate for governor more than 5% of the entire vote cast for governor is declared to be an established political party. Because Whitney received over 11% of the votes for governor in 2006 election, the Green Party was

2

recognized under Illinois law as an established political party in Illinois for purposes of the 2010 election.  Nonetheless, defendants refused to invite either Whitney or Jones to participate in the October 2010 debates.

## **DISCUSSION**

Plaintiffs' complaint alleges violations of the First, Fifth and Fourteenth Amendments. "The First [Fifth] and Fourteenth Amendments to the Constitution protects citizens from conduct by the government, but not by conduct by private actors, no matter how egregious that conduct might be."  Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811, 815 (7th Cir. 2009).  There is no dispute that defendants are private actors, but the "conduct of private actors, in some cases, can constitute state action."  Id.  For conduct of a private actor to be characterized as state action "the deprivation of constitutional rights must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person who may fairly be said to be a state actor."  Id.  (internal quotations and alterations omitted) (quoting Luger v. Edmonson Oil Co., Inc., 457 U.S. 922, 937 (1982)).  Thus, whether plaintiffs can state a claim depends entirely on whether defendants' conduct can be characterized as state or purely private action.  Id.[1]

---

[1] It is unclear from plaintiffs' complaint whether they allege that defendants' actions are those of the State of Illinois or of the Federal government or both.  The complaint fails to allege whether it is brought pursuant to 42 U.S.C. § 1983 (requiring that any alleged deprivations be caused by someone acting under color of state law), or pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (requiring that the alleged deprivation be caused by someone acting under color of federal law).  Despite the fact that plaintiffs' brief focuses primarily on the relationship between WTTW and the Federal Government, the court assumes that plaintiffs are alleging that defendants were acting under color of state law because the Bivens remedy does not extend to actions taken by private corporations acting under color of federal law.  Correctional Services Corp. v. Malesko, 534 U.S.
(continued...)

3

The state action analysis is a "necessarily fact-bound inquiry." Brentwood Acad. v. Tenn. Secondary School Athletic Assn'n., 531 U.S. 288, 298 (2001). State action requires "such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Id. at 295. The Supreme Court has identified numerous situations where private action can become that of the state, such as: when private actors conspire or are jointly engaged with state actors; where the state compels the discriminatory action; when the state controls a nominally private entity or is entwined with its management or control; or when the state delegates a public function to a private entity. Hallinan, 570 F.3d at 815-16 (and cases cited therein).

Plaintiffs' complaint and brief is replete with factual assertions detailing the history of the regulation of public broadcasting. The brief, which improperly contains numerous factual assertions not contained in the complaint, details WTTW's acquisition of its building and the lease from the State of the land on which it sits, WTTW's role as a public broadcaster, and the history and regulation of non-commercial educational broadcasting. Nothing in the complaint or brief, however, reaches the ultimate issue: the decision to exclude plaintiffs from the October 2010 debates. Aside from the assertions that the decision resulted from WTTW's right to broadcast in the first place, there is simply no factual allegation to support a claim that the decision to exclude defendants was made, compelled or mandated by the State of Illinois or anyone other than WTTW.

---

[1](...continued)
61, 66(2001), making it very unlikely that the remedy extends to actions taken by employees of such corporations. See Sanchez-Soriano v. U.S., 2011 WL 1085640 at *3 (S.D. Ill. 2011).

The mere assertions that public broadcasting is heavily regulated and that defendant receives federal funding do not, by themselves, convert an individual broadcast action into that of the government. See Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982). There are simply no facts alleged to suggest a sufficiently close nexus between the State of Illinois and the decision to exclude plaintiffs from the debates such that could support a conclusion that the decision was the result of coercive power or significant encouragement, either overt or covert, by the State. Id.

Moreover, as defendants point out, even if plaintiffs could show state action by WTTW, their complaint would likely fail under Arkansas Educational Television Commission v. Forbes, 523 U.S. 666, 682 (1988), which rejected a First Amendment claim against a state-owned educational television network that had excluded an independent candidate from a debate between major party candidates.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss plaintiffs' first amended complaint is granted.[2]

**ENTER:** **August 18, 2011**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[2]Defendants have suggested that they are contemplating filing a motion under Fed. R Civ. P. 11. The court would be disinclined to entertain a Rule 11 motion.